**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Evelia Barrientos Urias and | ) | Civil Action No: 9:18-00093-MBS |
| Gilberto Garcia Uriostegui, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| L. Frank Cissna, Director, United States | ) | |
| Citizenship and Immigration Services, | ) | |
| and United States Citizenship and | ) | |
| Immigration Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendants L. Frank Cissna and United States

Citizenship and Immigration Services' ("USCIS") (collectively "Defendants") Motion to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. Plaintiffs Evelia

Barrientos Urias ("Plaintiff Urias") and Gilberto Garcia Uriostegui ("Plaintiff Uriostegui")

(collectively "Plaintiffs")[1] filed their response in opposition to Defendants' Motion to Dismiss,

ECF No. 14, to which Defendants replied. ECF No. 16. The court has federal question

jurisdiction over this matter pursuant to 28 U.S.C § 1331. For the reasons explained below,

Defendants' Motion is granted in part and denied in part.[2]

---

[1] Certain qualifying family members are eligible for a derivative U-Visa based on their
relationship to the principal, Plaintiff Urias, filing for the U-Visa. The principal petitioner must
have her petition for a U-Visa approved before her family members can be eligible for a
derivative U-Visa. <u>Victims of Criminal Activity: U Nonimmigrant Status</u>, U.S. Citizenship and
Immigration Services (October 9, 2018, 2:47 PM), https://www.uscis.gov/humanitarian/victims-
human-trafficking-other-crimes/victims-criminal-activity-u-nonimmigrant-status/victims-
criminal-activity-u-nonimmigrant-status.

[2] Also pending before the court are eight actions identical in their claims and requests for relief.
*See Lopez, et al. v. Cissna, et al.*, 2:18-cv-00071-MBS; *Mata v. Cissna, et al.*, 2:18-cv-00073-

# I.  BACKGROUND

In 2000 Congress created the U nonimmigrant visa ("U-Visa") with the passage of the
Victims of Trafficking and Violence Protection Act.  Pub. L. No. 106–386, 114 Stat. 1464,
codified at 8 U.S.C. § 1101(a)(15)(U).  Set aside for immigrant victims of serious crimes, the U-
Visa program was intended to strengthen the ability of law enforcement agencies to detect,
investigate, and prosecute crimes, while also protecting the victims of those crimes. Victims of
Criminal Activity: U Nonimmigrant Status, U.S. Citizenship and Immigration Services (October
9, 2018, 2:47 PM), https://www.uscis.gov/humanitarian/victims-human-trafficking-other-
crimes/victims-criminal-activity-u-nonimmigrant-status/victims-criminal-activity-u-
nonimmigrant-status.  In  order  for a petitioner to qualify for the U-Visa,  the Department of
Homeland Security must determine that: (1) the petitioner has "suffered substantial physical or
mental abuse as a result of having been a victim of criminal activity"; (2) the petitioner
"possesses information concerning [the] criminal activity"; (3) the petitioner "has been, is, or is
likely to be helpful" to government officials regarding the criminal activity; and (4) the criminal
activity at issue "occurred in the United States." 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV).  The
petitioner bears the burden of establishing eligibility. 8 C.F.R. § 214.14(c)(4).

To obtain a U-Visa, the petitioner must file a Petition for U Nonimmigrant Status (Form
I-918), a biometric fee or fee waiver request, and "initial evidence" in accordance with
instructions to the Form I-918 with USCIS. 8 C.F.R. § 214.14(c)(1).  The petitioner must also

---

MBS; *Santiago, et al. v. Cissna, et al.*, 2:18-cv-00074-MBS; *Gutierrez v. Cissna, et al.*, 2:18-cv-
00076-MBS; *Martinez v. Cissna, et al.*, 2:18-cv-00077-MBS; *Berduo v. Cissna, et al.*, 9:18-cv-
00082-MBS; *Solis, et al. v. Cissna, et al.*, 9:18-cv-00083-MBS; *Perez, et al. v. Cissna, et al.*,
2:18-cv-00069-MBS.  On May 30, 2018, the court held a hearing on the then pending motion to
dismiss in *Solis v. Cissna* (hereafter, "*Solis*"), and on August 10, 2018, issued an opinion and
order granting the motion in part and denying it in part.  *Solis*, 9:18-cv-00083-MBS, ECF No. 35.

submit a Form I-918, Supplement B (U Nonimmigrant Status Certification), which is a form signed by a designated law enforcement official within six months immediately preceding the submission of petitioner's application to the USCIS. 8 C.F.R. § 214.14(c)(2)(i). This form certifies that the petitioner has been, is being, or is likely to be helpful to the investigation or prosecution of qualifying criminal activity. 8 C.F.R. § 214.14(c)(2)(i). Furthermore, the petitioner must submit documentation that she has suffered direct or proximate harm from the criminal activity; materials related to the petitioner's physical or mental abuse as a victim of the criminal activity; information the petitioner possesses regarding the criminal activity; evidence of the petitioner's helpfulness to law enforcement; evidence that the criminal activity violated United States law or occurred in the United States; and a personal statement. *See* 8 C.F.R. §§ 214.14(a)(14), (b), (c)(2).

Congress enacted a statutory cap of 10,000 U-Visas each fiscal year. 8 U.S.C. § 1184(p)(2)(A). Because of this cap, a Waiting List exists for petitioners seeking adjudication. 8 C.F.R. § 214.14(d)(2). The Waiting List provision reads:

> All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority. In the next fiscal year, USCIS will issue a number to each petition on the waiting list, in the order of highest priority, providing the petitioner remains admissible and eligible for U nonimmigrant status. After U-1 nonimmigrant status has been issued to qualifying petitioners on the waiting list, any remaining U-1 nonimmigrant numbers for that fiscal year will be issued to new qualifying petitioners in the order that the petitions were properly filed. USCIS will grant deferred action or parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the waiting list. USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.

8 C.F.R. § 214.14(d)(2).

Plaintiffs' Amended Complaint

Plaintiff Urias and her husband, Plaintiff Uriostegui, are Mexican nationals who reside in Jasper County, South Carolina.  ECF No. 11 at ¶¶ 1-2.  According to Plaintiffs' Amended Complaint, Plaintiff Urias was subjected to an armed robbery in her home, and therefore is a victim of a felonious assault.  *Id.* at ¶ 26.  Plaintiff Urias is the "principal" U-Visa petitioner. Plaintiff Urias alleges that she suffered substantial physical and mental abuse as a result of the crime; that the crime was the direct and proximate cause of such harm; a certifying agency determined that Plaintiff Urias was the victim of a qualifying crime; a certifying agency determined that Plaintiff Urias was helpful in the investigation or prosecution of the crime; and that a certifying agency issued Plaintiff Urias a U-Visa certification.  *Id.* at ¶¶ 28-33.  Plaintiffs claim that on March 2, 2015, Plaintiff Urias submitted a U-Visa application and an application for Plaintiff Uriostegui.  *Id.* at ¶ 34.

Plaintiffs allege that by March 3, 2015, the Vermont Service Center processed the applications and they were ready for adjudication.  ECF No. 11 at ¶ 35.  According to Plaintiffs, since August 18, 2016, Plaintiffs' applications have been "adjudications ready," sitting on a shelf located at "3373 – LEM4_SHLF – 3373."  *Id.* at ¶ 37.  Plaintiffs further allege that USCIS has made U-Visa Waiting List decisions on other U-Visa applications that were filed after Plaintiffs' applications.  *Id.* at ¶ 39.  Plaintiffs contend that because later filed applications have been adjudicated before Plaintiffs' applications, USCIS does not adjudicate U-Visa Waiting List decisions in the order in which they are received.  *Id.* at ¶¶ 41-43.  As such, Plaintiffs explain, there is no "line" with regard to the Waiting List.  *Id.* at ¶ 96.  Plaintiffs assert that, "[b]ecause USCIS has made U-Visa Waiting List decisions on applications that were filed after Plaintiffs', USCIS is treating Plaintiffs differently than it treats other U-Visa applicants."  *Id.* at ¶ 51.

Plaintiffs further claim that the processing times published on USCIS's website are inaccurate, and that the delay Plaintiffs have experienced is longer than the processing time published. *Id.* at ¶¶ 44, 45.

Plaintiffs ultimately state three claims: (1) that USCIS has not met its ministerial duty to "make U-Visa Waiting List decisions for eligible U-Visa applicants," pursuant to 8 C.F.R. § 214.14(d)(2), and, as such, Plaintiffs are entitled to mandamus relief; (2) that USCIS has unreasonably delayed adjudicating Plaintiff Urias's U-Visa application in violation of the Administrative Procedure Act ("APA") 5 U.S.C. § 555(b); and (3) that USCIS has unreasonably delayed the initial prima facie determination on the U-Visa application,[3] violating Plaintiffs' due process rights. ECF No. 11 at ¶¶ 60–70, 71–108, 109–120.

Plaintiffs seek an order from the court declaring that it is unreasonable for USCIS to delay its decision to place a U-Visa petitioner on the Waiting List for thirty-seven months. ECF No. 11 at ¶ 128. Additionally, Plaintiffs seek an order from the court compelling USCIS to make decisions about whether to place U-Visa petitioners on the U-Visa Waiting List. *Id.* at ¶ 129. Plaintiffs further seek an order from the court compelling USCIS to make a decision within seven days about whether to place Plaintiffs on the Waiting List. *Id.* at ¶ 130. Plaintiffs also seek an order from the court compelling USCIS to comply with its constitutional, statutory, and regulatory obligation in making U-Visa Waiting List Decisions. *Id.* at ¶ 131. Lastly, Plaintiffs request reasonable attorney's fees and the entire cost of litigation. *Id.* at ¶ 132.

---

[3] At the hearing on the motion to dismiss in *Solis*, Defendants claimed that there is no "prima facie determination" as to U-Visa eligibility. 9:18-cv-00083, ECF No. 30.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). "Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.* To determine plausibility, a court is to "draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## III.    DISCUSSION

### A.  Mandamus Relief

Plaintiffs contend that they have alleged sufficient facts to state a claim for mandamus relief, and, as such, Defendants' Motion to Dismiss should be denied. The mandamus remedy is

a "drastic one" reserved for "extraordinary situations" involving the performance of official acts or duties. *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, as a condition for issuance of the writ, the party seeking it must satisfy "the burden of showing that his right to issuance of the writ is clear and indisputable." *Kerr*, 426 U.S. at 403. To that end, she must demonstrate not only that she has a clear right to the relief sought but also that the responding party has a clear duty to perform the act amounting to the relief sought. *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988). While the writ is recognized at law, it is administered with equitable principles in the interest of justice and at the discretion of the issuing court. *Kerr*, 426 U.S. at 403.

Central to Plaintiffs' Amended Complaint is the belief that USCIS has stopped making U-Visa Waiting List determinations, or, alternatively, that USCIS has stopped making U-Visa Waiting List decisions for U-Visa petitioners who are not in removal proceeding or subject to a final order of removal. ECF No. 11 at ¶¶ 52–53. Thus, Plaintiffs request a court order compelling USCIS to make U-Visa Waiting List determinations for pending U-Visa Applications. *Id.* at ¶¶ 69–70.

Since Plaintiffs' Amended Complaint was filed, the court has become aware of two stipulated dismissals of substantively similar complaints assigned to this court. *See Erika Janeth Esparza Hernandez, et al. v. Cissna, et al.*, 2:18-cv-00075-MBS; *Estela Cruz Hernandez, et al. v. Cissna, et al.*, 9:18-cv-00081-MBS. The stipulated dismissals state, "United States Citizenship and Immigration Services has begun to adjudicate Plaintiffs' petitions for U nonimmigrant status. Accordingly, the parties stipulate and agree that this action should be dismissed." *Erika Janeth Esparza Hernandez*, ECF No. 19; *Estela Cruz Hernandez*, ECF No. 25.

Based on these dismissals, the court finds that Defendants are in fact adjudicating applications.[4]  The court concludes that Plaintiffs have failed to state a plausible claim for the extraordinary remedy of mandamus relief.  Defendants' Motion is granted as to Plaintiffs' mandamus claim.

B. APA Relief

Courts have jurisdiction under the APA to hear claims brought against an agency for unreasonable delay so long as judicial review is not precluded by statute and agency action is not committed to agency discretion by law.  5 U.S.C. §§ 701–706; *see Asheville Tobacco Bd. of Trade, Inc. v. Fed. Trade Comm'n,* 294 F.2d 619, 627 (4th Cir. 1961).   The APA provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Moreover, § 706 of the APA states that the reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*"  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).

As of the date Plaintiffs' Amended Complaint was filed, Plaintiff Urias's application had been pending for thirty-seven months.  ECF No. 11 at ¶ 72.  Plaintiffs contend that placing petitioners on the Waiting List is not a discretionary decision, and that Defendants have a duty under the APA to take action to determine whether or not a U-Visa petitioner and her qualifying family members should be placed on the Waiting List.  *Id.* at ¶¶ 73–74.  Plaintiffs allege that they

---

[4] On July 16, 2018, the court held a status conference with the parties in *Solis* regarding the stipulated dismissals.  *Solis*, 9:18-cv-0083 at ECF No. 34.

are entitled to agency action, that the agency action has been unreasonably delayed because no action has been taken in their case in thirty-seven months, and that they have been adversely affected or aggrieved as a result of the delay. ECF No. 14 at 4. Plaintiffs contend they have alleged sufficient facts to state a plausible claim under the APA. *Id.* The court agrees.

Because Plaintiffs seek adjudication of their application within a reasonable time, the court has jurisdiction under the APA to hear Plaintiffs' claim. *Alkassab v. Rodriguez*, No. 2:16-CV-1267-RMG, 2017 WL 1232428, at *5 (D.S.C. Apr. 3, 2017) (citing *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting the difference between a cognizable APA claim where a plaintiff seeks adjudication of his application within a reasonable time, and where a plaintiff seeks review of a decision denying his application)). The court in *Kim* explained, "the [United States Bureau of Citizenship & Immigration Services] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." *Kim,* 340 F. Supp. 2d at 393.

The court finds that Plaintiffs' Amended Complaint states "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570 (2007). Therefore, the court denies Defendants' Motion to Dismiss Plaintiffs' APA claim.

C. Due Process

When evaluating due process claims, courts consider (1) whether there is a property or liberty interest at stake, and (2) whether a process unconstitutionally deprived someone of that interest. *See Stewart v. Bailey*, 7 F.3d 384, 392 (4th Cir. 1993). A party who is unable to identify a property or liberty interest cannot successfully assert a due process claim. *See Smith v. Ashcroft*, 295 F.3d 425, 429 (4th Cir. 2002). The mere expectation of a statutory benefit is not enough, but a statute that grants an entitlement and "meaningfully" limits the discretion of those

who provide the entitlement triggers constitutional protections. *See id.* at 429–30. Statutes that only provide discretionary relief, therefore, do not create a property or liberty interest subject to the Due Process Clause. *See id.* at 430.

U-Visas are a discretionary form of relief. *See* 8 C.F.R. §§ 214.14(c)(4), (c)(5)(i) ("USCIS will determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence, including Form I–918, Supplement B, 'U Nonimmigrant Status Certification.'"); 8 C.F.R. § 214.14(c)(5)(i) ("If USCIS determines that the petitioner has met the requirements for U–1 nonimmigrant status, USCIS will approve Form I–918."); *see also Maldonado-Guzman v. Sessions,* 715 F. App'x 277, 284 (4th Cir. 2017) (citing *Torres-Tristan v. Holder*, 656 F.3d 653, 656 n.3 (7th Cir. 2011) ("A person who meets the statutory criteria is only eligible for … a [U]-visa, [and is] not entitled to one as a matter of right.")); *Wright v. INS*, 379 F.2d 275 (6th Cir. 1967) ("An alien does not obtain a vested right upon approval of a visa petition").

Plaintiffs contend that they have a legitimate claim of entitlement to a decision on whether they should be placed on the Waiting List within a reasonable amount of time. ECF No. 11 at ¶ 110; ECF No. 14 at 10. The court finds that Plaintiffs' application does not create a liberty or property interest because the U-Visa is a discretionary form of relief. Defendants' Motion to Dismiss Plaintiffs' due process claim is granted.

## IV.    CONCLUSION

For these reasons, Defendants' Motion to Dismiss is denied in part and granted in part. Defendants' Motion to Dismiss Plaintiffs' APA claim is **DENIED**. Defendants' Motion to Dismiss Plaintiffs' mandamus and due process claims is **GRANTED**.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

October 12, 2018
Charleston, South Carolina